IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CENTRAL BRIDGE COMPANY, LLC

    Plaintiff,

Case No.: 1:25-CV-10-GNS
Removed from: Metcalfe Circuit Court Case No. 24-CI-00170

vs.

XL INSURANCE AMERICA, INC.

    Defendant.

---

**DEFENDANT XL INSURANCE AMERICA, INC.'S
<u>NOTICE OF REMOVAL TO FEDERAL COURT</u>**

Defendant, XL Insurance America, Inc. ("XLIA"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submits this Notice of Removal from Metcalfe County Circuit Court, Commonwealth of Kentucky, to the United States District Court for the Western District of Kentucky, Bowling Green Division, the judicial district in which this action is pending. In support of this Notice of Removal, XLIA states as follows:

**I.    TIMELINESS OF REMOVAL**

1.    On December 23, 2024, Plaintiff Central Bridge Company, LLC ("Central Bridge") filed a Complaint in Metcalfe County Circuit Court, which was assigned Case No. 24-CI-00170, and in which XLIA is named as a defendant. (**Exhibit A**, Complaint).

2. Central Bridge executed service of process on XLIA on December 30, 2024, by serving the Summons and Complaint through certified mail to XLIA's principal place of business located in Stamford, Connecticut.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as fewer than thirty (30) days have passed since XLIA received "through service or otherwise … a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

## II. PAPERS FROM REMOVED ACTION

4. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon XLIA in the action pending in Metcalfe County Circuit Court, specifically the Summons and Complaint, are attached as **Exhibit A**.

## III. JURISDICTIONAL BASIS FOR REMOVAL

5. XLIA is removing this action to federal court on the basis of complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

6. Central Bridge is a Kentucky limited liability corporation with its principal place of business in the Commonwealth of Kentucky.

7. "The general rule is that all unincorporated entities – of which a limited liability company is one – have the citizenship of each … member." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

8. As evidenced by Central Bridge's Annual Report Online Filing for the Year of 2024, which is provided here as **Exhibit B**, in 2024, James Martin was the only member

of Central Bridge as of the time of the filing of the Annual Report, and XLIA is not aware of any additional members of Central Bridge as of this filing.

9. James Martin is a citizen of the State of Kentucky. **Exhibit C**, Accurint Comprehensive Report. Accordingly, Central Bridge is a citizen of Kentucky.

10. XLIA is a corporation formed under the laws of the State of Delaware with its principal place of business in Connecticut.

11. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"

12. Accordingly, for purposes of establishing complete diversity, XLIA is a citizen of the State of Delaware and a citizen of the State of Connecticut.

13. Therefore, there is complete diversity between Central Bridge and XLIA, and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

## IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14. The Complaint seeks a declaration regarding XLIA's coverage obligations to Central Bridge in an underlying lawsuit captioned *County of Metcalfe, Kentucky vs. Central Bridge Company, LLC and Keller North America, Inc.*, pending in Metcalfe County Circuit Court, State of Kentucky and assigned Case No. 23-CI-00100 (the "Underlying Lawsuit"). **Exhibit A**, at ¶ 37.

15. The Underlying Lawsuit concerns alleged damage to Mosby Ridge Road, a county road in Metcalfe County, that was allegedly caused by Central Bridge and/or Keller North America, Inc. **Exhibit D**, Complaint in Underlying Lawsuit.

16. The complaint in the Underlying Lawsuit asserts a demand for $245,985, "the full expense of repair" to Mosby Ridge Road. *Id*. at p. 2. Additionally, the complaint in the Underlying Lawsuit alleges that "there may be other undiscovered damages not included in the above estimated amount, for which the Defendants will also be liable". *Id*. at ¶ 3.

17. In this action, Central Bridge seeks a declaration that (1) XLIA must defend Central Bridge in the Underlying Lawsuit; (2) XLIA must reimburse Central Bridge for the defense costs incurred in the Underlying Lawsuit; (3) XLIA is obligated to pay for any settlement reached on behalf of Central Bridge in the Underlying Lawsuit; (4) XLIA is obligated to pay for any judgement rendered against Central Bridge in the Underlying Lawsuit; and (5) Central Bridge is entitled to recover attorneys fees and the costs incurred in pursuing this declaratory judgment action. **Exhibit A**, at p. 5-6.

18. Because the Underlying Lawsuit asserts a demand of $245,985, plus additional "undiscovered damages" and defenses costs, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. **Exhibit D**, at ¶ 3.

19. As such, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

### V.  NO RESPONSIVE PLEADING HAS BEEN FILED

20. XLIA has not filed any responsive pleading to the Complaint in Metcalfe County Circuit Court.

4

## VI. NOTICE TO CENTRAL BRIDGE AND THE STATE COURT

21. As required by 28 U.S.C. § 1446(d), this Notice of Removal, by means of the Notice of Filing Removal filed in the state court action pending in Metcalfe County Circuit Court and attached hereto as **Exhibit E**, is providing notice to Central Bridge and the Metcalfe County Clerk of Court of (a) this Notice of Removal; (b) the fact that this action is to be docketed in this Court; and (c) that this Court shall hereafter be entitled to grant all relief to XLIA as is proper under the circumstances.

## VII. NON-WAIVER OF DEFENSE

22. By removing this action from the Metcalfe County Circuit Court, XLIA does not waive any defenses available to it, nor does XLIA admit any of the allegations stated in the Complaint.

23. XLIA reserves the right to further amend or supplement this Notice of Removal if it becomes necessary to do so.

WHEREFORE, XLIA respectfully requests that this action proceed to this Court as a removed claim or cause of action under 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

*/s/ Charles H. Cassis*
Charles H. Cassis
Goldberg Simpson, LLC
9301 Dayflower Street
Prospect, KY 40059
(502) 589-4440
ccassis@goldbergsimpson.com
*Counsel for Defendant XL Insurance America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January 2025, a true and correct copy of the foregoing was filed and served via the electronic filing system on the following counsel of record:

Stephen C. Keller
Zachary M. Sosnovich
Barnes Maloney, PLLC
401 West Main Street
Suite 1600
Louisville, KY 40202
skeller@sbmkylaw.com
zsosnovich@sbmkylaw.com
*Counsel for Plaintiff*

                                                */s/Charles H. Cassis*
                                                *Counsel for Defendant*
                                                *XL Insurance America, Inc.*