UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CENTRAL BRIDGE COMPANY, LLC    )
      )
    Plaintiff,    )
      )
      )    Civil Action No. 1:25-cv-00010-GNS
      )
vs.    )
      )
XL INSURANCE AMERICA, INC.    )
      )
    Defendant.    )

**DEFENDANT XL INSURANCE AMERICA, INC.'S
UNOPPOSED MOTION FOR LEAVE TO SEAL**

Defendant, XL Insurance America, Inc. ("XLIA"), by counsel, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 5.6, moves this Honorable Court for an Order granting its Unopposed Motion for Leave to Seal the Accurint Comprehensive Report previously filed as Exhibit C to XLIA's Notice of Removal (Doc. 1-4). In support, XLIA states as follows:

**FACTUAL BACKGROUND**

This is a declaratory judgment action arising out of an underlying lawsuit captioned *Metcalfe County, Kentucky v. Keller North America and Central Bridge Company, LLC*, Metcalfe County Circuit Court, Case No. 23-CI-00100 (the "Underlying Suit"). (Doc. 1-2, PageID.11). On or around December 23, 2024, Central Bridge Company, LLC ("Central Bridge") filed its Complaint for Declaratory Judgment in Metcalfe County Circuit Court (the "Complaint"). (Doc. 1-2). Central Bridge's Complaint seeks a

1

declaration that XLIA must defend and indemnify Central Bridge in the Underlying Suit. (Doc. 1-2, PageID. 12).

On January 21, 2025, XLIA removed this declaratory judgment action from Metcalfe County Circuit Court to the United States District Court for the Western District of Kentucky, Bowling Green Division, on the basis of complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a). (Doc. 1, PageID. 2). To effectuate removal on this basis, XLIA was required to establish that it and Central Bridge are citizens of different states. As a limited liability company, Central Bridge has the citizenship of each of its members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Accordingly, to prove that XLIA and Central Bridge are citizens of different states, XLIA's Notice of Removal addressed the citizenship of Central Bridge's sole member at the time the Complaint was filed – James Martin ("Martin"). (Doc. 1, PageIDs. 2-3).

In order to factually support that allegation of citizenship, XLIA's Notice of Removal included as an exhibit an Accurint Comprehensive Report pertaining to Martin, which evidenced that Martin resided in, and was therefore a citizen of, the Commonwealth of Kentucky at the time the Complaint was filed. (Doc. 1-4).

However, in addition to listing Martin's residence, the Accurint Comprehensive Report also contains other personally identifiable information pertaining to Martin and others, including, but not limited to, social security numbers, birthdates, phone numbers, possible associations, work history, motor vehicle registration history, political affiliations and financial information. (Doc. 1-4, PageIDs.64-82, 83-86).

2

In this Unopposed Motion, XLIA seeks leave to seal the Accurint Comprehensive Report previously filed as Exhibit C to XLIA's Notice of Removal for purposes of protecting the aforementioned personally identifiable information.  Of note, Central Bridge concurs in the relief sought in this Motion.

## LEGAL STANDARD

Under Local Rule 5.6, "a party seeking to file a sealed document must electronically file a motion for leave to seal" and "must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure."  In the Sixth Circuit, sealing a document has three prerequisites: (1) that there is a compelling reason for nondisclosure; (2) that the interest in nondisclosure outweighs the public's interest in access to court records; and (3) that the scope of sealing is no broader than is necessary.  *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.2d 299, 305 (6th Cir. 2016); *Schnatter v. 247 Grp., LLC*, 2020 WL 3066622, at *1 (W.D. Ky. June 9, 2020).

## ARGUMENT

This Court should seal the Accurint Comprehensive Report because (1) Central Bridge's sole member, James Martin, and the other non-members of Central Bridge identified in the Accurint Comprehensive Report have a compelling interest in avoiding public disclosure of their personally identifiable information; (2) the public has no legitimate interest in that information, and even if it did, that interest is clearly outweighed by the very legitimate interest in non-disclosure of that information, and (3) XLIA seeks only to seal Exhibit C to XLIA's Notice of Removal, but not any aspect of the

3

Notice of Removal itself, nor the other exhibits to that filing.  As such, the merits of the Removal petition remain fully open to public view.

### I.       Compelling Interests Justify Nondisclosure

To seal a document, a movant must show that there is a compelling reason for nondisclosure.  *Shane Grp.*, 825 F.3d at 305.  The United States District Court for the Western District of Kentucky, Louisville Division, has explicitly acknowledged that "[d]istrict courts regularly find good cause exists for allowing redactions in court filings in order to protect personal identifying information, including email addresses and phone numbers." *United States v. Brown,* No. 322CR00033BJBCHL1, 2022 WL 1274411, at *2 (W.D. Ky. Apr. 28, 2022 (quoting *Ohio A. Phillip Randolph Inst. v. Householder*, No. 1:18-CV-357, 2019 WL 3287985, at * 2 (S.D. Ohio Mar. 2, 2019) (collecting cases).  In fact, as recognized in *Brown*, when applying the standard set forth in *Shane*, several other courts within the Sixth Circuit have granted requests to seal personally identifiable information, such as phone numbers and emails.   *See Schnatter v. 247 Grp., LLC*, No. 320CV00003BJBCHL, 2022 WL 188193, at *2 (W.D. Ky. Jan. 20, 2022); *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2021 WL 4841064, at *2 (S.D. Ohio Oct. 18, 2021); *In re Flint Water Cases*, No. 5:16-CV-10444-JEL-MKM, 2021 WL 1877018, at *2 (E.D. Mich. Apr. 21, 2021); *NFocus Consulting Inc. v. Uhl,* No. 2:20-CV-5106, 2020 WL 6791232, at *2 (S.D. Ohio Nov. 19, 2020).

Further, even when a court filing does not contain "any highly personal information[,]" federal courts in Kentucky are willing to grant requests to seal that court filing if it contains "information from non-parties that likely would be considered

4

sensitive, such as financial information, closing fee details, power of attorney forms, and marital status." *Consumer Fin. Prot. Bureau v. Borders & Borders, PLC*, No. 3:13-CV-01047-CRS-DW, 2017 WL 2543305, at *2 (W.D. Ky. June 12, 2017).

In this action, the Accurint Comprehensive Report provides personally identifiable information pertaining to Martin and others, including, but not limited to, social security numbers, birthdates, phone numbers, possible associations, work history, motor vehicle registration history, political affiliations and financial information. (Doc. 1-4, PageIDs.64-82). Each of the individuals identified in that report have a compelling interest in precluding public dissemination of their personally identifiable information.

## II.      The Interests in Nondisclosure Outweigh Any Limited Public Interest in Accessing the Accurint Comprehensive Report

Critically, the compelling interest in precluding public dissemination of the personally identifiable information set forth in the Accurint Comprehensive Report outweighs any purported public interest in accessing the Report.

To seal a document, a movant must show that the interest in nondisclosure outweighs the public's interest in access to court records. *Share Grp.*, 825 F.3d at 305. The public's interest here is low — in fact, non-existent. And the interest in the non-disclosure of that information by the individuals mentioned in that Report is undisputedly strong.

## III.     The Scope of Sealing is No Broader Than Is Necessary

To seal a document, a movant must show that the scope of the proposed sealing is no broader than is necessary. *Share Grp.*, 825 F.3d at 305. Here, XLIA seeks only to seal Exhibit C to XLIA's Notice of Removal, but not any aspect of the Notice of Removal itself,

5

nor the other exhibits to that filing.  As such, the merits of the Removal petition remain fully open to public view.

**CONCLUSION**

Based on the foregoing, XLIA requests that this Court grant its Unopposed Motion for Leave to Seal the Accurint Comprehensive Report previously filed as Exhibit C to XLIA's Notice of Removal (Doc. 1-4).

Respectfully submitted,

*/s/ Charles H. Cassis*
Charles H. Cassis
Goldberg Simpson, LLC
9301 Dayflower Street
Prospect, KY 40059
(502) 589-4440
ccassis@goldbergsimpson.com
***Attorney for Defendant XL
Insurance America, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of February 2025, a true and correct copy of the foregoing was filed and served via the electronic filing system on the following counsel of record:

Stephen C. Keller
Zachary M. Sosnovich
Barnes Maloney, PLLC
401 West Main Street, Suite 1600
Louisville, KY 40202
skeller@sbmkylaw.com
zsosnovich@sbmkylaw.com
*Counsel for Plaintiff*

*/s/Charles H. Cassis*
*Counsel for XL Insurance America, Inc.*

6
