IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

***Electronically Filed***

| | | |
|---|---|---|
| CENTRAL BRIDGE COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 1:25-cv-00010-GNS-HBB |
| v. | ) | |
| | ) | Removed from Metcalfe Circuit Court |
| XL INSURANCE AMERICA, INC. | ) | Civil Action No. 24-CI-00170 |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION TO STAY ACTION

Come the Plaintiff, Central Bridge Company, LLC (hereinafter "CBC"), and Defendant, XL Insurance America, Inc. ("XL"), by counsel, and hereby jointly move this Court to stay further proceedings in this action until resolution of the underlying action in Metcalfe Circuit Court.

## I. Introduction

This is a declaratory judgment action involving an insurance coverage dispute. CBC served as the general contractor in a road construction project in Metcalfe County, Kentucky. During the project, CBC formed a subcontract with Keller North America (KNA) which contained insurance and indemnity requirements in favor of CBC. It is alleged that, before the project was completed, a KNA employee drove excavation equipment on a section of newly paved roadway allegedly causing damage. Thereafter, the Metcalfe County Fiscal Court brought a negligence suit against CBC and KNA seeking compensation for the alleged road damage. The underlying suit is pending in Metcalfe County Circuit Court.

CBC filed the present suit seeking declarations that XL must defend and indemnify it as an additional insured under an insurance policy issued by XL to KNA.  Since filing its Answer in this matter, XL has agreed to assume CBC's defense in the underlying action subject to a reservation of rights.  In order to conserve the parties' resources and further the convenience of the Court, the parties now jointly move to stay further proceedings in this matter until the underlying action is resolved.

## II. Pertinent Facts

CBC contracted with the Kentucky Transportation Cabinet to perform road construction in Metcalfe County, Kentucky. *See* Declaratory Judgment Complaint, ¶ 18. As part of that project, CBC formed a subcontract with KNA. *Id.*  It is alleged that, during the project, a KNA employee drove heavy machinery on a stretch of newly paved road, which allegedly caused $246,000 worth of damage. *See* Underlying Action Complaint, ¶ 1, [DN 1-5].

KNA's Subcontract Agreement included Section 11 entitled "Insurance."  This section required KNA to purchase commercial general liability coverage and name CBC as an additional insured. *See* Dec. Com., ¶ 20.  XL issued the requested commercial general liability coverage to KNA. *Id*. at ¶ 26.

Metcalfe County Fiscal Court filed a tort action against CBC and KNA in August 2023. *Id*. at ¶ 14.  Following receipt of the claim from Metcalfe County, CBC's insurer, The Charter Oak Fire Insurance Company ("Charter Oak"), tendered the defense of CBC to XL, which initially declined the tender.  Thereafter, following the filing of this action and continued discussions between the parties, XL agreed to defend CBC in the underlying action under a full reservation of rights.

Currently, a jury trial in the state court action has been assigned for December 2025.

### III. Argument

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Company*, 299 U.S. 248, 254-55 (1936). This Court may exercise its discretion to stay a case "to avoid piecemeal, duplicative litigation and potentially conflicting results." *Int'l Broth. Of Elec. Workers, Local Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, 879 F.2d 864, No. 88-3895, 1989 WL 78212, at *8 (6th Cir. 1989) (internal citations omitted). "In exercising this discretion, district courts are to be accorded wide latitude." *Id*.

In evaluating a request for a stay, this Court should consider three factors: "the balance of the hardships, the potential harm to the public, and judicial economy and efficiency." *Jones v. Good Shepherd Healthcare Solns., Inc.*, 3:17-CV-411-DJH, 2017 WL 11535102, at *2 (W.D. Ky. Nov. 29, 2017) (internal quotations and citations omitted). "When a stay motion is premised on the alleged significance of another case's disposition, courts have considered 'the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment.'" *AlexSam, Inc. v. U.S. Bank N.A.*, Case No. 1:21-cv-588, 2022 WL 2125041, at *2 (S.D. Ohio, May 23, 2022) (quoting *Caspar v. Snyder*, 77 F.Supp.3d 616, 644 (E.D. Mich. 2015)).

Here, the relevant factors support a stay of proceedings. There is no harm to the public from a stay because this coverage matter involves two private businesses. Also, since CBC and XL jointly seek the requested relief, neither will suffer any hardships from postponing further activity until after the state court action concludes. Staying this litigation will also conserve the resources of the Court and the parties.

WHEREFORE, the parties to this action jointly request that this Court grant this motion to stay the action pending the resolution of the Underlying Action, and for all other proper relief.

Respectfully Submitted,

BARNES MALONEY PLLC

/s/ Stephen C. Keller
Stephen C. Keller, Esq.
Zachary M. Sosnovich, Esq.
401 West Main Street, Suite 1600
Louisville, KY 40202
skeller@sbmkylaw.com
*Counsel for Plaintiff, Central Bridge Company, LLC*

and

/s/ Charles H. Cassis (with permission)
Charles H. Cassis, Esq.
Goldberg Simpson, LLC
9301 Dayflower Street
Prospect, KY 40059
ccassis@goldbergsimpson.com
*Counsel for Defendant, XL Insurance America, Inc.*

/s/ Kenneth C. Newa (with permission)
Kenneth C. Newa (admitted pro hac vice)
Nicholas T. Badalamenti (admitted pro hac vice)
Plunkett Cooney
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI  48304
knewa@plunkettcooney.com
nbadalamenti@plunkettcooney.com